
*1039403522*


DISTRICT COURT
FILED
JAN 23 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

JOSEPH VOTRUBA, an individual,
Plaintiff,

v.

CSAA GENERAL INS. CO., a/k/a and/or d/b/a CSAA GENERAL, a Foreign For Profit Corporation, and JOHN DOE, a business entity, and JANE DOE, an individual
Defendants.

Case No. CJ-2018-00299
The Honorable DAMAN CANTRELL

## PETITION

Plaintiff alleges and states as follows:

1. Plaintiff Joseph Votruba (hereinafter "Plaintiff") was at all material times a resident of Tulsa County, Oklahoma.
2. Defendant CSAA GENERAL INS. CO., a/k/a and/or d/b/a CSAA GENERAL, a Foreign For Profit Corporation (hereinafter "Defendant CSAA") is a mutual insurance company licensed to do business in Oklahoma.
3. Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant John Doe's actions and/or inactions in Oklahoma.
4. Defendant Jane Doe, an individual, is a person residing in Oklahoma whose identity is unknown at this time, but may be revealed through the course of discovery.
5. Tortfeasor Luke Davis Brown (hereinafter "Tortfeasor") was at all material times upon information and belief a resident of Tulsa County, Oklahoma.
6. This motor vehicle crash occurred in Tulsa County, OK on about 04/04/2016.
7. This Court has jurisdiction over this matter.
8. Tortfeasor chose to speed.
9. Tortfeasor chose not to pay attention while driving.
10. Tortfeasor followed Plaintiff's vehicle too closely.
11. Tortfeasor failed to yield.
12. Tortfeasor caused a rear-end crash.
13. Tortfeasor caused a multiple car wreck.
14. Plaintiff made no improper action.
15. Plaintiff was injured in the wreck.
16. Plaintiff's vehicle had the right of way.
17. Plaintiff's vehicle was towed away from the scene of the wreck.
18. Broken Arrow Police Department came to the scene of the wreck.
19. Tortfeasor violated Tulsa City Ordinance 23-88B.
20. A driver must not speed.
21. A driver must pay attention while driving.

2018 JAN 23 AM 8:29
DON NEWBERRY
COURT CLERK



22. A driver must yield to vehicles with the right of way.

23. A driver must leave a clear stopping distance between vehicles.

24. According to the National Safety Council, there are approximately 12 million crashes annually in the United States.

25. Approximately 3 million crashes annually in the United States involved injuries.

26. This equates to about one crash causing injury every eleven seconds.

27. Tortfeasor violated a safety rule.

28. Tortfeasor directly caused injuries and damages to Plaintiff.

29. Tortfeasor breached his duties owed to Plaintiff.

30. Tortfeasor was negligent, negligent *per se* and/or is liable under *res ipsa loquitur* because Defendant violated and/or breached applicable statute(s), law(s), and/or ordinance(s), which directly caused injury to Plaintiff.

31. Tortfeasor had the responsibility to drive as a reasonably prudent driver on the date and time of this wreck.

32. Tortfeasor had the responsibility to follow safety rules on the date and time of this wreck.

33. Tortfeasor violated Tortfeasor's responsibilities on the date and time of the wreck.

34. The Tortfeasor was negligent.

35. As a direct result of the actions and/or omissions of Tortfeasor, Plaintiff was injured and suffered damages.

36. Tortfeasor was an underinsured motorist at the time of the crash.

37. On or about 04/04/2016, Defendant CSAA had in full force and effect a policy of automobile insurance and said policy of insurance provided for uninsured/underinsured motorist coverage.

38. At the time of the crash Plaintiff was insured under a policy of insurance issued by the Defendant CSAA through automobile policy number 104152850

39. Plaintiff notified Defendant CSAA of his motor vehicle wreck.

40. Plaintiff is entitled to the benefits of the uninsured/underinsured motorist coverage provided by said policy.

41. Under the terms and conditions of the contract, Defendant CSAA agreed to pay the insured damages.

42. Plaintiff has made numerous demands for payment under the contract.

43. Defendant CSAA has improperly denied fair and/or reasonable payment of benefits in breach of its obligation to Plaintiff.

44. Defendant CSAA failed to honor the insurance contract.

45. Defendant CSAA compelled, without just cause, the Plaintiff to institute litigation to recover amounts due under its insurance policies.

46. Defendant CSAA has refused and/or failed in a fair and/or reasonable manner to evaluate the injuries sustained by the Plaintiff.

47. Defendant CSAA has failed to make good faith offers to settle and/or to timely pay Plaintiff's claims and/or damages under the terms of this insurance policy.

48. By the actions/omissions of Defendant CSAA, the Plaintiff has been left with no option for remedy other than filing this lawsuit.

49. Defendant CSAA violated 36 O.S. § 1250.5(13).

50. Defendant CSAA violated the terms of Plaintiff's automobile insurance policy.

51. Defendant CSAA violated Oklahoma law.

52. Defendant CSAA failed to honor its contractual obligations with the Plaintiff.

53. Defendant CSAA has not attempted in good faith to effectuate prompt, fair, reasonable, and/or equitable settlement of claims submitted.

54. Liability in this case has become reasonably clear.

55. Defendant CSAA violated 36 O.S. § 1250.5 (4).

56. As a result of Defendant CSAA Insurance Company's actions and/or omissions, Plaintiff has suffered economic distress as well as economic loss due to the loss of time, value of money and use of the money damages Plaintiff is entitled to, but denied by Defendant AAA Insurance Company.

57. Defendant CSAA has not acted in a fair and/or reasonable manner in relation to Plaintiff's claim and/or requests.

58. Defendant CSAA has refused and/or failed to disclose to Plaintiff the Defendant's full evaluation and/or investigation here.

59. Defendant CSAA's actions and/or omissions are in bad faith and contrary to law.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, any all other relief which this Court deems just and proper.

ATTORNEY FEE CLAIMED
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
PRE-AND POST-JUDGMENT INTEREST

Respectfully submitted,

David R. Goldsmith, OBA #33177
Ryan S. Wiehl, OBA #32893
Samuel T. Perrine, OBA # 32165
John Paul Truskett, OBA # 20550
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
Office: (918) 392-5444
Fax: (918) 856-3676
Email: john@truskettlaw.com